UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD P. SCHMIEDER,                )
                                     )
                Plaintiff,           )
                                     )
        vs.                          )        Case No.  4:09CV0065 AGF
                                     )
MICHAEL ASTRUE, Commissioner         )
of Social Security,                  )
                                     )
                Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for attorney's fees in the

amount of $1,373.03, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412(d).  Plaintiff applied for disability benefits under the Social Security Act, claiming

a disability onset date of December 14, 2004.  The Commissioner denied benefits on

December 11, 2008, and Plaintiff sought judicial review on January 9, 2009.  Subsequent

to filing an answer, the Commissioner requested that the Court remand the case to the

Commissioner for further consideration.  Accordingly, by Order dated September 3,

2009, the Court reversed and remanded the case to the Commissioner pursuant to

sentence four of 42 U.S.C. § 405(g)[1] for further proceedings.

The EAJA provides for the payment of attorney's fees to a prevailing party in a

civil action "including proceedings for judicial review of agency action, brought by or

against the United States in any court having jurisdiction of that action, unless the court

finds that the position of the United States was substantially justified or that special

_____

[1]     Sentence four provides: "The court shall have the power to enter, upon the
pleadings and transcript of the record, a judgment affirming, modifying, or reversing the
decision of the Commissioner of Social Security, with or without remanding the case for
a rehearing."

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, it is not disputed that Plaintiff is entitled to fees under the EAJA. The traditional "lodestar" method of fee-setting applies to social security cases where fees are sought under the EAJA. <u>Cotter v. Bowen</u>, 879 F.2d 359, 363 (8th Cir. 1989). The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.

Here, Plaintiff's Application for Award of Attorney's Fees specifies that counsel expended 9.4 hours on the case. However, the concomitant memorandum requests compensation for 8.1 hours and includes an exhibit itemizing 8.1 hours. In addition, the Application requests reimbursement "at the rate of $169.51 per hour for a total of $1,373.03." This total, at this rate, represents 8.1 hours rather than 9.4 hours. The Commissioner does not object to Plaintiff's motion but notes the discrepancy in the hours claimed. Plaintiff has not filed a reply in the time allowed for such.

Upon review of the record, the Court concludes that Plaintiff is entitled to fees as a prevailing party and that reimbursement of 8.1 hours is most appropriate, for a total of $1,373.03, based on the hourly rate of $169.51.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees is **GRANTED** in the amount of $1,373.03. [Doc. # 23]

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2009.